UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANDARD CORP, an Illinois corporation, | ) | No. |
| MZS, LLC, an Illinois limited liability | ) | |
| company, JP MORGAN CHASE, N.A., | ) | Judge |
| UNKNOWN OWNERS and NON-RECORD | ) | |
| CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR FORECLOSURE

The United States of America, by John R. Jr., United States Attorney for the Northern District of Illinois, for and on behalf of the Small Business Administration, for its complaint against the defendants Standard Corp, MZS, LLC, JP Morgan Chase, N.A., unknown owners, and non-record claimants states as follows:

1.      This court has jurisdiction under 28 U.S.C. § 1345. The United States is plaintiff, and the property that is the subject of this action is situated within the Northern District of Illinois.

2.      Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b).

3.      The United States brings this action for foreclosure under 735 ILCS 5/15-1101, *et seq.*

4.      On March 23, 2011, MZS, LLC ("MZS") borrowed the sum of $224,000.00 from Illinois Small Business Growth Corporation ("Growth"). As evidence of the loan and

indebtedness, MZS made, executed, and delivered to Growth its promissory note dated March

23, 2011, in the original amount of $224,000.00 ("Note"). A copy of the Note is attached as

Exhibit A.

        5.      As security for repayment of the Note, MZS, granted Growth a mortgage dated

March 23, 2011, to real estate located in Lake County, Illinois, legally described as follows:

> PARCEL 1:
> ALL THAT PART OF LOT 21 IN BLOCK 1 OF THE TOWN OF
> HOLCOMB, BEING A PART OF THE SOUTHWEST ¼ OF
> SECTION 19 AND THE NORTHWEST ¼ OF SECTION 30,
> TOWNSHIP 44 NORTH, RANGE 11, EAST OF THE THIRD
> PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT
> THEREOF RECORDED JUNE 19, 1886 IN BOOK "A" OF
> PLATS, PAGE 58, AS DOCUMENT 33999, IN LAKE COUNTY,
> ILLINOIS.
> DESCRIBED AS FOLLOWS: BEGINNING AT THE
> SOUTHWEST CORNER OF LOT 21; THENCE NORTH ON
> THE WEST LINE OF SAID LOT 21, 3 INCHES; THENCE
> EASTERLY TO A POINT ON THE EAST LINE OF SAID LOT
> 21, 1 FOOT NORTH OF THE SOUTHEAST CORNER
> THEREOF; THENCE SOUTH 1 FOOT TO THE SOUTHEAST
> CORNER OF SAID LOT 21; THENCE WEST ON THE SOUTH
> LINE OF LOT 21 TO THE POINT OF BEGINNING, IN LAKE
> COUNTY, ILLINOIS.
> PARCEL 2:
> LOT 23 IN BLOCK 1 IN THE TOWN OF HOLCOMB, BEING A
> PART OF THE SOUTHWEST ¼ OF SECTION 19 AND THE
> NORTHWEST ¼ OF SECTION 30, TOWNSHIP 44 NORTH,
> RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN,
> ACCORDING TO THE PLAT THEREOF RECORDED JUNE
> 19, 1886 IN BOOK "A" OF PLATS, PAGE 58, AS DOCUMENT
> 33999, IN LAKE COUNTY, ILLINOIS.

Common Address:  506 N. Seymour Ave., Mundelein, IL 60060 ("subject property").

PIN: 11-19-315-028

The mortgage was recorded in the Office of the Recorder of Deeds of Lake County, Illinois, on

March 25, 2011, as Document No. 6719446. A copy of the mortgage is attached as Exhibit B.

6.     On March 23, 2011, Growth assigned the note and mortgage to the United States Small Business Administration ("SBA"). The assignment of mortgage was recorded in the Office of the Recorder of Deeds of Lake County, Illinois on March 25, 2011, as Document No. 6719447. A copy of the assignment is attached as Exhibit C. The note was assigned on March 23, 2011. See Exhibit A, page 4.

7.     SBA is the owner and holder of the mortgage on the subject property.

8.     On or about October 1, 2016, MZS defaulted by virtue of the filing of foreclosure by JP Morgan Chase. By virtue of the default, maturity of the Note has been accelerated and the entire balance of principal and interest is declared due and payable.

9.     There is now due and owing to the United States the principal sum of $182,177.46, with accrued interest in the amount of $5,164.73 as of January 8, 2018, with interest thereafter accruing at the rate of $14.01 per day, plus all costs and expenses of this action and such other amounts as the United States may be required to expend for the care and preservation of its collateral and its lien thereon. A copy of the payoff figures is attached as Exhibit D.

10.    Demand for payment of the indebtedness has been made upon defendant MZS, which has failed to make payment, and accordingly the United States brings this action for foreclosure of its mortgage against the defendants.

11.    SBA is in a first-lien position with its mortgage on the subject property. SBA's lien position on the subject property is superior to all other defendants, including but not limited to: Standard Corp, MZS, LLC, JP Morgan Chase, N.A., unknown owners, and non-record

claimants.

12.     In addition to the above-named defendants, there are other persons who may be interested in this action or who may have or claim some interest in the property and whose rights and interests are sought to be terminated, and whose names or interests, as of the filing of this action and the recording of a lis pendens notice are not disclosed of record within the meaning of 735 ILCS 5/15-1210, and whose claim or interest may be that of: (1) a right of homestead; (2) judgment creditor; (3) beneficiary under a trust who is not in actual possession of all or part of the subject property; or (4) a mechanic's lien claimant; and all such persons are made parties defendant to this action by the description: "NONRECORD CLAIMANTS"; but the interests of these parties, if any, are subject, inferior and subordinate to the lien of the United States' mortgage being foreclosed herein.

13.     There may be other persons who are interested in this action, who have or claim to have some right, title, interest, or lien, to or upon the mortgage, or some part of it, that the name of each of such other person is unknown to the United States and on diligent inquiry cannot be ascertained, and all such other persons are therefore made parties defendant to this action by  description of UNKNOWN OWNERS, but the interests of these parties, if any, are subject, inferior and subordinate to the lien of the United States' mortgage being foreclosed.

WHEREFORE, the United States asks:

A.     For a judgment to foreclose its mortgage, in accordance with the provisions of 735 ILCS 5/15-1101, *et seq*. and 28 USC § 2410 (a);

B.     That the amounts due to the United States pursuant to the note, together with all its costs, title expenses, disbursements for the care and preservation of the property, taxes, and

insurance be determined and adjudged;

C.     That the court find and adjudge that the United States has a valid and subsisting lien upon all of the property covered by the mortgage for the amounts found to be due the United States, and prior and superior to the claims or interest, if any, of the defendants;

D.     That the court find and adjudge that the defendants named or described and all persons claiming by, through, and under them subsequent to the commencement of this action are forever barred and foreclosed of all title, lien, claim, interest, and statutory right and equity of redemption, if any, in and to the mortgaged estate;

E.     That unless the amount found due to the United States be paid within the period of redemption determined by the court, the property be sold to satisfy the amounts found to be due the United States;

F.     That if no such lawful redemption is made, all of the property covered by the mortgage be sold by the United States Marshal and that out of the proceeds of sale the United States be paid the amount due on the note and mortgage, and also such moneys as the United States may expend for taxes, insurance premiums, title costs, or other necessary actions to carry out the covenants contained in the note and mortgage, together with the costs of this action, with interest on the sum due as allowed by law to the date of sale;

G.     That the United States Marshal, in his discretion, be authorized to employ an auctioneer to conduct such sale or sales;

H.     That SBA can bid for such mortgaged property, or any part of it, at the sale and purchase and pay for it with the indebtedness found to be due the United States, or any part of it, the indebtedness to be credited with the amount bid by SBA;

5

I.      That upon the sale of the mortgaged property, a Marshal's certificate of sale or deed, as applicable, be issued according to law to the purchaser at the sale;

J.      That the court find that any and all rights of redemption of the owner(s) of redemption have been waived in accordance with 735 ILCS 5/15-1603;

K.      That the court find that the period of redemption of the owner(s) of redemption, shall be reduced in accordance with 735 ILCS 5/15-1603;

L.      That the defendants be enjoined from committing waste upon the premises or doing any other act which may impair the value of it at any time during the pendency of these proceedings; and

M.      That the United States may have such other and further relief as may be equitable and just, including declaratory and injunctive relief.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: s/ John W. Baker
    JOHN W. BAKER
    Special Assistant United States Attorney
    U.S. Small Business Administration
    500 W. Madison St., Suite 1150
    Chicago, Illinois 60661
    (312) 886-0833
    john.baker@sba.gov



**SBA**

### U.S. Small Business Administration
### NOTE (CDC/504 Loans)

**SBA Loan Number** 3633375001

**SBA Loan Name** AGONY OF DE-FEET, LTD.

**Date** March 23, 2011

**Loan Amount** $224,000.00

**Borrower** MZS, LLC

**Operating Company** AGONY OF DE-FEET, LTD.

**CDC** 05-270 ILLINOIS SMALL BUSINESS GROWTH CORPORATION

| | | | |
|---|---|---|---|
| **Funding Date** | October 12, 2011 | **\* Interest Rate** | 2.80737% |
| **First Payment Due** | November 01, 2011 | **\* P&I Amount** | $1,219.77 |
| **Note Maturity Date** | October 01, 2031 | **\* Monthly Payment** (* blank at signing) | $1,355.11 |

## 1. PROMISE TO PAY

In return for the Loan, Borrower promises to pay to the order of CDC the amount of $224,000.00 Two Hundred Twenty Four Thousand and No/100 Dollars, interest on the unpaid principal balance, the fees specified in the Servicing Agent Agreement, and all other amounts required by this Note.

## 2. DEFINITIONS

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Debenture" means the debenture issued by CDC to fund the Loan.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, Guarantor, or anyone who pledges collateral.

"SBA" means the Small Business Adminstration, an Agency of the United States of America.

"Servicing Agent Agreement" means the agreement between the Borrower and the CDC that, among other things, appoints a servicing agent ("Servicing Agent") for this Note.

SBA Form (1505) Conformed Copy          CDC Number:05-270          Loan Number:3633375001



EXHIBIT

A



U.S. Small Business Administration

# NOTE
## (CDC/504 LOANS)

| | |
|---|---|
| SBA Loan # | 36333750-01 |
| SBA Loan Name | Agony of De-Feet, Ltd. |
| Date | March 23, 2011 |
| Loan Amount | $224,000.00 |
| Borrower | MZS, LLC |
| Operating Company | Agony of De-Feet, Ltd. |
| CDC | Small Business Growth Corporation |

Funding Date: _____ October 12, 2011 _____     *Interest Rate:_____ %

First Payment Due: _____ November 1, 2011 _____     * P&I Amount: $ _____

Note Maturity Date: _____ October 1, 2031 _____     * Monthly Payment: $ _____

*(* Blank at signing)*

1. PROMISE TO PAY:

    In return for the Loan, Borrower promises to pay to the order of CDC the amount of
    _____ Two Hundred Twenty-Four Thousand _____ ($224,000.00)-------------------------------- Dollars,
    interest on the unpaid balance, the fees specified in the Servicing Agent Agreement, and all other amounts required by this Note.

2. DEFINITIONS:

    "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.
    "Debenture" means the debenture issued by CDC to fund the Loan.
    "Guarantor" means each person or entity that signs a guarantee of payment of this Note.
    "Loan" means the loan evidenced by this Note.
    "Loan Documents" means the documents related to this loan signed by Borrower, Guarantor, or anyone who pledges collateral.
    "SBA" means the Small Business Administration, an agency of the United States of America.
    "Servicing Agent Agreement" means the agreement between the Borrower and the CDC that, among other things, appoints a servicing agent ("Servicing Agent") for this Note.

3. INTEREST RATE AND PAYMENTS:

The terms of the Debenture sale will establish the interest rate, P & I amount, and Monthly Payment for this Note. Borrower acknowledges that these terms are unknown when Borrower signs this Note.
   A. Once established, the interest rate is fixed. Interest begins to accrue on the Funding Date.
   B. Monthly Payments are due on the first business day of each month, beginning on the First Payment date and continuing until the Note Maturity Date, when all unpaid amounts will be due. Borrower must pay at the place and by the method the Servicing Agent or CDC designates. The Monthly Payment includes the monthly principal and interest installment (P & I Amount), and the monthly fees in the Servicing Agent Agreement. The Servicing Agent will apply regular Monthly Payments in the following order: 1) monthly fees, 2) accrued interest, and 3) principal.

4. LATE-PAYMENT FEE:

CDC charges a late fee if the Servicing Agent receives a Monthly Payment after the fifteenth day of the month when it is due. The late fee is five percent of the payment amount, or $100.00, whichever is greater. The late fee is in addition to the regular Monthly Payment.

5. RIGHT TO PREPAY:

Borrower may prepay this Note in full on a specific date each month set by the Servicing Agent. Borrower may not make partial prepayments. Borrower must give CDC at least 45 days' prior written notice. When it receives the notice, CDC will give Borrower prepayment instructions. At least 10 days before the payment date, Borrower must wire a non-refundable deposit of $1,000 to the Servicing Agent. The Servicing Agent will apply the deposit to the prepayment if Borrower prepays. In any prepayment, Borrower must pay the sum of all of the following amounts due and owing through the date of the next semi-annual Debenture payment:
   A. Principal balance;
   B. Interest;
   C. SBA guarantee fees;
   D. Servicing agent fees;
   E. CDC servicing fees;
   F. Late fees;
   G. Expenses incurred by CDC for which Borrower is responsible; and
   H. Any prepayment premium.

6. PREPAYMENT PREMIUM:

If Borrower prepays during the first half of the Note term, Borrower must pay a prepayment premium. The formula for the prepayment premium is specified in the Debenture and may be obtained from CDC.

7. DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:
   A. Fails to do anything required by this Note and other Loan Documents;
   B. Defaults on any other loan made or guaranteed by SBA.
   C. Does not preserve or account to CDC's satisfaction for any of the Collateral or its proceeds;
   D. Does not disclose, or anyone acting on their behalf does not disclose, any material fact to CDC or SBA;
   E. Makes, or anyone acting on their behalf makes, a materially false or misleading representation to CDC or SBA;
   F. Defaults on any loan or agreement with another creditor, if CDC believes the default may materially affect Borrower's ability to pay this Note;
   G. Fails to pay any taxes when due;
   H. Becomes the subject of a proceeding under any bankruptcy or insolvency law;
   I. Has a receiver or liquidator appointed for any part of their business or property;
   J. Makes an assignment for the benefit of creditors;
   K. Has any adverse change in financial condition or business operation that CDC believes may materially affect Borrower's ability to pay this Note;

L. Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without CDC's prior written consent, except for ownership changes of up to 5 percent beginning six months after the Loan closes; or

M. Becomes the subject of a civil or criminal action that CDC believes may materially affect Borrower's ability to pay this Note.

8. CDC'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, CDC may:
A. Require immediate payment of all amounts owing under this Note;
B. Collect all amounts owing from any Borrower or Guarantor;
C. File suit and obtain judgment;
D. Take possession of any Collateral; and,
E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

9. CDC'S GENERAL POWERS:
Without notice and without Borrower's consent, CDC may:
A. Bid or buy at any sale of Collateral by Lender or another lienholder, at any price it chooses;
B. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If CDC incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;
C. Release anyone obligated to pay this Note;
D. Compromise, release, renew, extend or substitute any of the Collateral; and
E. Take any action necessary to protect the Collateral or collect amounts owing on this Note.

10. FEDERAL LAW:
When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. CDC or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

11. SUCCESSORS AND ASSIGNS:
Under this Note, Borrower and Operating Company include the successors of each, and CDC includes its successors and assigns.

12. GENERAL PROVISIONS:
A. All individuals and entities signing this Note are jointly and severally liable.
B. Borrower authorizes CDC, the Servicing Agent, or SBA to complete any blank terms in this Note and any other Loan Documents. The completed terms will bind Borrower as if they were completed prior to this Note being signed.
C. Borrower waives all suretyship defenses.
D. Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable CDC to acquire, perfect, or maintain CDC's liens on Collateral.
E. CDC may exercise any of its rights separately or together, as many times and in any order it chooses. CDC may delay or forgo enforcing any of its rights without giving any up.
F. Borrower may not use any oral statement to contradict or alter the written terms of, or raise a defense to, this Note.
G. If any part of this Note is unenforceable, all other parts remain in effect.
H. To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that CDC did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

13. STATE-SPECIFIC PROVISIONS:

NONE

14. BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.



MZS, LLC

X _____
Jay Umansky, Manager

ASSIGNMENT: CDC assigns this Note to SBA.

By: _____      Date: _____3-23-2011_____

Typed Name: __Phil Maton, Chief Credit Officer_____, authorized officer of CDC.

PREPARED BY:
PATTERSON & ROLLINS, LLC
R. Bruce Patterson
2401 West White Oaks Dr.
Springfield, IL 62704

Image# 047410030008 Type: MTG
Recorded: 03/25/2011 at 12:24:59 PM
Receipt#: 2011-00017895
Page 1 of 6
Fees: $41.00
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **6719446**

WHEN RECORDED MAIL TO:
PATTERSON & ROLLINS, LLC
R. Bruce Patterson
2401 West White Oaks Dr.
Springfield, IL 62704

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY_____

### MORTGAGE

This mortgage made and entered into this __23__ day of __MARCH__, 2011, by and between MZS, LLC, an Illinois limited liability company (hereinafter referred to as "Mortgagor"), and Small Business Growth Corporation (hereinafter referred to as "Mortgagee"), who maintains an office and place of business at 2401 West White Oaks Drive, Springfield, Illinois 62704.

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Lake, State of Illinois, free from all rights and benefits under and by virtue of the homestead exemption laws. Mortgagor hereby releases and waives all rights under and by virtue of the homestead exemption law of this state.

### SEE ATTACHED EXHIBIT "A"

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except existing obligations to JPMorgan Chase Bank, NA and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated __MARCH 23 2011__ in the principal sum of $224,000.00 signed by MZS, LLC.

Said promissory note was given to secure a loan in which the Small Business Administration, an agency of the United States of America, has participated. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.





**EXHIBIT**

B

1.      The mortgagor covenants and agrees as follows:

   a.       He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

   b.       He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

   c.       He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said property. Attorney's fees reasonably incurred in any other way shall be paid by the mortgagor.

   d.       For better security of the indebtedness hereby secured, upon the request of the mortgagee, it successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

   e.       The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

   f.       He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums thereof. All insurance shall be carried in companies acceptable to mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee. If the loan is in default at the time of a loss covered by the insurance, the insurance proceeds be applied at mortgagee's option either to the reduction of the indebtedness hereby secured or the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

   g.       He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof. In the event of failure of the mortgagor to keep the building on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may after reasonable notice to mortgagor and an opportunity for the mortgagor to cure, make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable; and shall be secured by the lien of this mortgage.

   h.       He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee. Further, he will keep and maintain the same free from the claims of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises or shall provide title insurance coverage to protect the mortgagee from loss because of such claims.

   i.       He will not rent, except at market rates, or assign any part of the rent of said mortgaged property without the written consent of the mortgagee; nor will he demolish, or remove, or substantially alter any building without the written consent of the mortgagee except in connection with a bonafide rental opportunity.

j.      All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

k.      The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time provided that reasonable notice of such inspection has been sent to mortgagor.

2.      Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3.      The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due and payable. Notice of such default will be sent to mortgagor if practicable at the address last known to mortgagee.

4.      The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

a)      When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

b)      CDC or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

In the event of a default and regardless of whether notice was actually received by the mortgagor, at the option of the mortgagee or assigns, regardless of maturity, and whether before or after entry, mortgagee or its assigns may, in accordance with applicable law, sell said property, without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I)      at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II)     at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III)    take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinbefore provided, the mortgagor or any persons in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

5.    The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorney's fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

6.    In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement.

7.    In the event the mortgagor fails to pay any Federal, state or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

8.    The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

9.    No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

10.    A judicial decree, order, or judgement holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11.    Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 506 N. Seymour Ave., Mundelein, Illinois 60060 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at its place of business stated above.

12.    Mortgagor on behalf of himself/herself and each and every person claiming by, through or under mortgagor, hereby waives any and all rights of redemption, statutory or otherwise, without prejudice to mortgagee's right to any remedy, legal or equitable, which mortgagee may pursue to enforce payment or to effect collection of all or any part of the indebtedness secured by this mortgage, and without prejudice to mortgagee's rights to a deficiency judgment or any other appropriate relief in the event of foreclosure of this mortgage.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

MZS, LLC

X _____
Jay Umansky, Member

STATE OF ILLINOIS        )
                               ) SS:
COUNTY OF _SANGAMON_ )

I, _CHRISTOPHER KURTZ_ , a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY, that Jay Umansky as the Manager of MZS, LLC, an Illinois Limited Liability Company, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument and as such Jay Umansky of MZS, LLC he appeared before me this day in person, and acknowledged that he signed and delivered the said Instrument as his own free and voluntary act of said MZS, LLC for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this __23__ day of __MARCH__ , __2021__ .

_____
NOTARY PUBLIC

OFFICIAL SEAL
CHRISTOPHER KURTZ
Notary Public - State of Illinois
My Commission Expires May 19, 2012

EXHIBIT "A"

PARCEL 1:
ALL THAT PART OF LOT 21 IN BLOCK 1 OF THE TOWN OF HOLCOMB, BEING A PART OF THE
SOUTHWEST 1/4 OF SECTION 19 AND THE NORTHWEST 1/4 OF SECTION 30, TOWNSHIP 44
NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT
THEREOF RECORDED JUNE 19, 1886 IN BOOK "A" OF PLATS, PAGE 58, AS DOCUMENT 33999,
IN LAKE COUNTY, ILLINOIS.
DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHWEST CORNER OF LOT 21; THENCE NORTH
ON THE WEST LINE OF SAID LOT 21, 3 INCHES; THENCE EASTERLY TO A POINT ON THE EAST
LINE OF SAID LOT 21, 1 FOOT NORTH OF THE SOUTHEAST CORNER THEREOF; THENCE SOUTH 1
FOOT TO THE SOUTHEAST CORNER OF SAID LOT 21; THENCE WEST ON THE SOUTH LINE OF LOT
21 TO THE POINT OF BEGINNING, IN LAKE COUNTY, ILLINOIS.
PARCEL 2:
LOT 23 IN BLOCK 1 IN THE TOWN OF HOLCOMB, BEING A PART OF THE SOUTHWEST 1/4 OF
SECTION 19 AND THE NORTHWEST 1/4 OF SECTION 30, TOWNSHIP 44 NORTH, RANGE 11, EAST
OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 19,
1886 IN BOOK "A" OF PLATS, PAGE 58, AS DOCUMENT 33999, IN LAKE COUNTY, ILLINOIS.

COMMONLY KNOWN AS:  506 N. Seymour Ave., Mundelein, IL  60060
PIN:  11-19-315-028

PREPARED BY:
PATTERSON & ROLLINS, LLC
R. Bruce Patterson
2401 West White Oaks Drive
Springfield, Illinois 62704

Image# 047410040002 Type: ASG
Recorded: 03/25/2011 at 12:24:59 PM
Receipt#: 2011-00017895
Page 1 of 2
Fees: $39.00
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **6719447**

WHEN RECORDED MAIL TO:
PATTERSON & ROLLINS, LLC
R. Bruce Patterson
2401 West White Oaks Drive
Springfield, Illinois 62704

__SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY__

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that the SMALL BUSINESS GROWTH CORPORATION, an Illinois Not For Profit Corporation, 2401 West White Oaks Drive, Springfield, Illinois 62704, for and in consideration of the indebtedness secured by the Mortgage hereinafter mentioned, does hereby grant, bargain, sell, assign, transfer and set over unto the UNITED STATES SMALL BUSINESS ADMINISTRATION, 500 West Madison, Suite 1150, Chicago, ILLINOIS 60661, a certain indenture of mortgage bearing the date of the _____ day of _____, made by and between _MZS, LLC_
_____,
mortgagor, and SMALL BUSINESS GROWTH CORPORATION, mortgagee, and all its right, title, and interest to the premises therein described as follows, to wit:

SEE ATTACHED EXHIBIT "A"

Which said mortgage was recorded on _____ as document # _____ in the Recorder's Office of the County of _LAKE_, State of Illinois.

IN TESTIMONY WHEREOF, the said SMALL BUSINESS GROWTH CORPORATION has caused these presents to be duly executed by its officers, attested, and affixed with its corporate seal.

SMALL BUSINESS GROWTH CORPORATION

_3/23/11_
Date

By: _____
Phil Maton, Chief Credit Officer

Attest: _____

STATE OF ILLINOIS )
) SS:
COUNTY OF SANGAMON )

I, _MARY E. PATTERSON_, a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY, that Phil Maton, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument appeared before me this day in person, and acknowledged that he signed and delivered the said Instrument as his own free and voluntary act for the uses and purposes therein set forth.

GIVEN under my hand and seal this _23_ day of _March_, _2011_.

_Mary E Patterson_
NOTARY PUBLIC

OFFICIAL SEAL
MARY E. PATTERSON
Notary Public - State of Illinois
My Commission Expires May 26, 2012

File Number: 6719447     Page 1 of 2

**EXHIBIT**
tabbies
_C_

EXHIBIT "A"

PARCEL 1:
ALL THAT PART OF LOT 21 IN BLOCK 1 OF THE TOWN OF HOLCOMB, BEING A PART OF THE
SOUTHWEST 1/4 OF SECTION 19 AND THE NORTHWEST 1/4 OF SECTION 30, TOWNSHIP 44
NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT
THEREOF RECORDED JUNE 19, 1886 IN BOOK "A" OF PLATS, PAGE 58, AS DOCUMENT 33999,
IN LAKE COUNTY, ILLINOIS.
DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHWEST CORNER OF LOT 21; THENCE NORTH
ON THE WEST LINE OF SAID LOT 21, 3 INCHES; THENCE EASTERLY TO A POINT ON THE EAST
LINE OF SAID LOT 21, 1 FOOT NORTH OF THE SOUTHEAST CORNER THEREOF; THENCE SOUTH 1
FOOT TO THE SOUTHEAST CORNER OF SAID LOT 21; THENCE WEST ON THE SOUTH LINE OF LOT
21 TO THE POINT OF BEGINNING, IN LAKE COUNTY, ILLINOIS.
PARCEL 2:
LOT 23 IN BLOCK 1 IN THE TOWN OF HOLCOMB, BEING A PART OF THE SOUTHWEST 1/4 OF
SECTION 19 AND THE NORTHWEST 1/4 OF SECTION 30, TOWNSHIP 44 NORTH, RANGE 11, EAST
OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 19,
1886 IN BOOK "A" OF PLATS, PAGE 58, AS DOCUMENT 33999, IN LAKE COUNTY, ILLINOIS.

COMMONLY KNOWN AS:   506 N. Seymour Ave., Mundelein, IL   60060
PIN:   11-19-315-028

**\*PAY-OFF-Display\***

Loan Number: 3633375502
Name: Agony of De-Feet Ltd.
Address: 506 N. Seymor Ave..
City: Mundelein
State: IL   Zip: 60060

Fund Type: Business
Loan Status: (3) DISBURSED IN LIQUIDATION
Current Loan Type: (27) SBA GUARANTY PURCHASE
Servicing Office: (0992) FRESNO COMMERCIAL LOAN
Serv Group Cd: N
SubProgram: (4005) Sec. 504 - Loan Guarantees - Private Sector
Financed

Approval Date: 09/15/2009
Approval Amount: 224,000.00
SBA % 1.00   SBA Interest
Rate: 2.807

Installment Amount: 1,219.76
Installment Frequency: M

Next Installment Due Date: 02/01/2017

Date of Last Disb:
Total Disbursement: 0.00
UnDisbursed: 0.00

Maturity Date: 10/01/2031
Maturity Month: 240
Total Months Deferred: 0

Principal Balance: 182,177.46
Accrued Interest: 868.63
Outstanding Interest: 4,296.10
Total Interest: 5,164.73
Daily Interest Amt: 14.01

Date of Last P & I: 11/07/2017
Amount of Last P & I: 0.00


Gross Interest Paid Current Year: 0.00
Gross Interest Paid Previous Year: 0.00

PayOff Date: 01/08/2018
Total Due SBA: 187,342.19

Active-PAD: No Pad -
Loan Status Comment:



**EXHIBIT**

_D_